Narine Sulahian – State Bar No. 158830
LAW OFFICES OF NARINE SULAHIAN
15760 Ventura Blvd., Ste. 700
Encino, California 91436
Email: narslaw@outlook.com
Tel: (818) 789-3180
Fax: (818) 789-8287

Attorneys for Plaintiff,
NAHID YAZDANPARAST

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

NAHID YAZDANPARAST,

Plaintiff,

vs.

ASHLEY FURNITURE INDUSTRIES, Inc., a Wisconsin Corp., BROOKFIELD PROPERTIES RETAIL GROUP, a Delaware Corp., and DOES 1 to 100, inclusive,

Defendants.

CASE NO.: 21STCV43665

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE – PREMISES LIABILITY**

DEMAND FOR JURY TRIAL

Plaintiff, NAHID YAZDANPARAST, hereby demands a trial by jury and based upon information and belief, alleges as follows:

**FIRST CAUSE OF ACTION**

**BROUGHT BY PLAINTIFF NAHID YAZDANPARAST AGAINST ALL DEFENDANTS**

**FOR DAMAGES FOR NEGLIGENCE**

2. Plaintiff is informed and believes, and thereon alleges that Defendant, ASHLEY FURNITURE INDUSTRIES, Inc., is duly organized and existing under the laws of the State of Wisconsin, with its headquarters located in 1 Ashley Way, Arcadia, Wisconsin; and doing business as Ashley Homestore in Northridge, California [hereinafter referred to as the ASHLEY].

3. Plaintiff is informed and believes, and thereon alleges that Defendant, BROOKFIELD PROPERTIES RETAIL GROUP, is duly organized and existing under the laws of the State of Delaware; and doing business as Northridge Fashion Center in Northridge, California [hereinafter referred to as the BROOKFIELD].

4. Plaintiff is informed and believes, and thereon alleges, that Defendants, ASHLEY and BROOKFIELD are the owners, property managers, and operators of the property located at 9301 Tampa Ave., Northridge, California 91324, [hereinafter referred to as the PREMISES].

5. On December 22, 2019, at approximately 3:00 p.m., Plaintiff was a business invitee/guest at the PREMISES, having visited the Ashley Homestore at the PREMISES. While walking to her parked car in the rear parking lot of Ashley Homestore, Plaintiff tripped and fell on the walkway abutting the parking lot, due to significantly raised and separated concrete slab adjacent to the grassy areas. [hereinafter referred to as the ACCIDENT SITE]. Plaintiff sustained multiple injuries to her both knees, both wrists, back and other bodily injuries, because of defective and dangerous condition at the ACCIDENT SITE. Security was called to the ACCIDENT SITE, and made a report of the incident.

5. The true names and capacities of defendants, whether an individual, a business, a public entity, or otherwise, sued herein as Does 1 through 100, inclusive, are presently unknown to Plaintiff who therefore sues said defendants by such fictitious names, pursuant to *Code of Civil Procedure*, Section 474. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when the same are fully ascertained. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the acts, occurrences and damages hereinafter alleged.

6. Plaintiff is informed and believes, and thereon alleges that each of the defendants is, and at all times herein mentioned was, the agent, partner, co-joint venturer, and employee of each of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of such agency partnership, joint venture, and employment. Plaintiff is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of the acts of each of the remaining defendants with full knowledge of the nature and effect of such acts. Plaintiff is informed and believes, and thereon alleges that to the extent any of the defendants named herein, whether fictitious or otherwise, are corporations or other business entities, the acts of said corporate and business entity defendants, if any, were undertaken by said defendants through their respective managing agents and officers, with the advance approval and subsequent ratification of each of their respective officers, directors and managing agents.

7. Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, are, and at all times herein mentioned were, the owners, managers, operators of the PREMISES, and at all times herein mentioned were, in possession and control of the PREMISES. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, defendants, and each of them, either directly, or through their agents, partners, co-joint venturers, and employees, undertook to maintain, inspect, and protect and warn their residents, business invitees and guests against hazards and dangerous conditions on the PREMISES, and the ACCIDENT SITE.

8. As stated above, on or about December 22, 2019 at approximately 3:00 p.m., Plaintiff tripped and fell on the walkway in the parking lot in the rear of the Ashley Homestore at the PREMISES. A dangerous condition was allowed to exist at the ACCIDENT SITE. It consisted of uneven concrete slabs, with a differential of more than 2 inches at the seam of the slabs, which was present at the ACCIDENT SITE for an extended period of time. As a result of the fall, Plainiff sustained permanent and debilitating injuries.

9. At said time and place, defendants, and each of them, so negligently owned, possessed, maintained, inspected, managed, constructed, and designed, the PREMISES, and the ACCIDENT SITE, and so negligently supervised, trained, and selected their employees and their agents, and so

negligently failed to correct and to warn of dangerous conditions existing upon the premises, with full knowledge and notice of such dangerous conditions existing at the ACCIDENT SITE, including but not limited to:

(a) failure to anticipate that visitors may stumble over the uneven slabs and get injured, at the only walkway to the rear parking lot;

(b) failure to provide warning signs along the walkway;

(d) failure to repair the uneven slabs, so as to proximately cause the injuries and damages to Plaintiff as hereinafter alleged.

10. At said time and place, dangerous conditions existed at the ACCIDENT SITE, which created an unreasonable risk of harm to persons such as said Plaintiff located at the ACCIDENT SITE at the PREMISES. Plaintiff was informed and believes, and thereon alleges that all of the above-listed failures and omissions, and more, were permitted to remain at the ACCIDENT SITE, although it was reasonably foreseeable that the ACCIDENT SITE would be used by business invitees and guests in the manner used by Plaintiff. At said time and place, Defendants, and each of them, negligently failed to correct said dangerous conditions, and negligently failed to warn said Plaintiff of said dangerous conditions. Plaintiff is informed and believes, and thereon alleges, that Defendants ASHLEY and BROOKFIELD, knew of the dangerous condition. Plaintiff is informed and believes, and thereon alleges that said dangerous conditions existed at the premises for a sufficient length of time to have reasonably permitted defendants, and each of them, in their exercise of reasonable care, to have discovered its presence, and to have corrected or warned of the presence of the dangerous conditions.

11. As a direct and proximate result of the Defendants' negligence, Plaintiff tripped and fell, proximately causing injuries and damages, including but not limited to: broken teeth, facial bruising, bilateral knee sprain; bilateral wrist sprain; neck pain; back pain; jaw spasm.

12. As a direct and proximate result of the Defendants' negligence, said Plaintiff was hurt and injured in her health, strengths, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering.

13. As a further direct and proximate result of the Defendants' negligence, said Plaintiff has been, and will, in the future, be required to employ physicians, surgeons, nurses, therapists, and other medical and psychological practitioners, and has, and in the future, will be required to incur medical, psychological, travel, and incidental expenses, all to Plaintiff's further damage in a sum according to proof.

14. As a further direct and proximate result of the Defendants' negligence, said Plaintiff has been prevented from attending to her usual occupation and profession, and will, in the future, be prevented from attending to such occupation and profession, all to said Plaintiff's further damage for loss of earnings and earnings capacity in a sum according to proof.

15. Plaintiff is informed and believes, and thereon alleges that the injuries to Plaintiff will result in permanent disability to said Plaintiff and said Plaintiff has been damaged thereby in a sum according to proof.

WHEREFORE, Plaintiff prays for judgment as follows:

**FIRST CAUSE OF ACTION**

1. For general damages in a sum according to proof;
2. For damages for medical and related and incidental expenses, in a sum according to proof;
3. For damages for loss of earnings and earnings' capacity in a sum according to proof;
4. For damages for value of the gratuitous services received; and
5. For damages for permanent injuries in a sum according to proof.
7. To the extent permitted by law, for prejudgment interest in a sum according to proof;
8. For costs of suit incurred herein; and
9. For such other and further relief as this court may deem proper and just.

DATED: November 29, 2021 **LAW OFFICES OF NARINE SULAHIAN**

By: ______________________________

Narine Sulahian, Esq.
Attorney for Plaintiff
NAHID YAZDANPARAST